# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TERRY ERIC JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CV418-143 |
| FRANK PENNINGTON, *et al.*, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Terry Eric Johnson's civil rights complaint, raising the same claims of false imprisonment and malicious prosecution this Court rejected more than five years ago, just with new defendants added. *Compare* CV418-143 (S.D. Ga. June 12, 2018) (suing Assistant District Attorneys Frank Pennington and Lori Loncon, public defender Robert Attridge, and "Assistant District Appointed privately" Mark Becton), *with Johnson v. Karpf*, CV412-258 (S.D. Ga. Oct. 15, 2012) (suing Judge Michael Karpf and public defender Robert Attridge). He contends that "when a conviction gets reversed, it get[s] retried." Doc. 1 at 2. Since his state criminal case (Chatham Super. Ct. CR096-1070) resulted in his being "tried twice for the same crime," he believes his original conviction was overturned and he thus served his sentence as an

innocent man. *Id*. He also contests that he was improperly seized after release from that sentence, when he was arrested that same day in August 2010 for a "juvenile case indictment." *Id*. He seeks $30 million in damages for fifteen years and ten months of false imprisonment. *Id*. at 6. He also seeks leave to proceed *in forma pauperis* ("IFP"). Doc. 2. Because he is indigent, his IFP motion is **GRANTED**. His complaint, however, should be dismissed.[1]

While he does not offer any basis for the Court's jurisdiction (*see* doc. 1 at 3), Johnson could, presumably, proceed under 42 U.S.C. § 1983.[2] His claim for false imprisonment, however, is untimely by many years. The statute-of-limitations clock starts to tick for false arrest and false imprisonment claims, "where the arrest is followed by criminal proceedings, . . . when the claimant is detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). As he has been informed before:

---

[1] The Court will now screen his case under 28 U.S.C. § 1915e(2)(B), which allows a district court to dismiss *sua sponte* a claim of a plaintiff proceeding IFP for, among other things, failure to state a claim for relief.

[2] The failure to offer a basis for subject matter jurisdiction actually requires dismissal under Fed. R. Civ. P. 12(h)(3), but the Court will proceed as if he invoked 42 U.S.C. § 1983 simply to show that even had he properly identified a jurisdictional basis, his claim still fails.

> Johnson was convicted in 1996. Any false imprisonment claim stemming from that conviction would be barred since it was filed decades outside of the two-year limitations period applicable to § 1983 actions brought in Georgia. *E.g.*, *Mullinax v. McElhenney*, 817 F.2d 711, 71516 n.2 (11th Cir. 1987); *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (same); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Dismissal is thus warranted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

*Johnson*, CV412-258, doc. 3 at 2-3.

But Johnson also raises claims of a conspiracy to put him behind bars, swinging at a claim for malicious prosecution. Doc. 1 at 3-6. Indeed, in July 2010, Washington County granted Johnson some form of habeas relief. *See State v. Johnson*, CR096-1070. It is unclear what happened, on what grounds and to what extent relief was granted, or whether the habeas court even ordered a retrial. *See id.* Throughout the following two years, trial was repeatedly set, reset, and alternated with a dozen plea hearings. *See id.* Finally, in August 2012 the case was "disposed" and an order entered to "dead docket" one armed robbery charge, while it appears his 1996 armed robbery and felon-in-possession of a firearm convictions were left undisputed. *See id.* It is unclear when

3

other charges were termed *nolle prosequi*. *See id.*

Regardless, all this happened more than five years ago. And, to the extent that winning his state habeas case resulted in the "termination of the prosecution" in Johnson's favor, "the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries." *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). In this circuit, a § 1983 claim accrues when the "'facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Here, those facts would have been apparent (at the latest) when his case was ordered retried by the habeas court in 2010. He's years too late.[3]

---

[3] To the extent he believes the charge that was dead docketed changes anything about the timeliness of his motion, he's incorrect. In Georgia, "dead docketing" a charge only means that the prosecution has been temporarily put on ice -- it remains "ongoing" and can be revived at any time. *Paris v. Taft*, 630 F. App'x 895, 900 (11th Cir. 2015) ("a dead-docketed criminal case remains pending and is not terminated because dead docketing is simply a 'procedural device by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court.'"). That is certainly not a termination of the prosecution in his favor sustaining a claim for malicious prosecution.

That the prosecutor dismissed other charges (terming them *nolle prosequi*), however, *is* such a termination. *See Joyce v. Adams*, 2007 WL 2781196 at *4 (S.D. Ga. Sept. 20, 2007). But those charges were *all* dismissed by December 2012 at the latest. That is more than five years ago, and thus outside the two-year statute of limitations for bringing a § 1983 malicious prosecution claim. Johnson is too late.

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's civil rights complaint is untimely, and it does not appear amendable.[4]

---

The Court recommended dismissal of plaintiff's first wave at a malicious prosecution claim in November 2012 because plaintiff had not alleged that proceedings had terminated in his favor. CV412-258, doc. 3 at 3. Plaintiff could have, but did not, file objections to the Court's recommendation, considering he'd already won some form of habeas relief and gotten his retrial ordered, or a motion for reconsideration of the Court's order adopting that recommendation (*id.*, doc. 4), once he had those *nolle prosequis* on the state trial docket. Thus, his clock on those favorable terminations ran out, unnoticed. The Court is sympathetic to his plight, but it cannot excuse five years of neglect to waive the statute of limitations.

[4]   Despite the lack of any apparent basis for viable amendment, Johnson's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Plaintiff is notified, however, that he cannot sue these defendants for damages under § 1983. Pennington and Loncon are prosecutors, entitled to absolute immunity from damages for their acts or omissions taken in the course of initiating a prosecution. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). And Attridge is a public defender, not a state actor within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Mark Becton,

In sum, plaintiff's Complaint should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

---

to the extent he falls into either category as an "Assistant District Appointed privately" (doc. 1 at 2), would be entitled to immunity as a prosecutor, or not a state actor as a public defender.

**SO REPORTED AND RECOMMENDED,** this  22nd  day of June, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA